IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | CASE NO. 1:10 CV 323 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| PATRICK J. POTOPSKY, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **& ORDER** |

## Introduction

Before me[1] in this matter involving an allegedly unauthorized exhibition of a licensed closed-circuit sports broadcast[2] is a motion for summary judgment filed by plaintiff J & J Sports Productions, Inc. (J & J).[3] Defendants Patrick Potopsky (Potopsky) and Parma Blue, Inc. (Blue), individually and as alter egos of Blue Moose Eatery, oppose the motion,[4] and J & J has replied to that opposition.[5]

For the reasons that follow, J & J's motion for summary judgment will be denied without prejudice.

---

[1] The parties have consented to my exercise of jurisdiction.  ECF # 16.

[2] ECF # 1.

[3] ECF # 31.

[4] ECF # 33.

[5] ECF # 34.

## Facts

The facts relevant to the present motion are not extensive nor are they disputed.

J & J distributes licensed closed-circuit sports broadcasts to, among others, commercial customers such as bars.[6] J & J charges a fee to such customers so that they, in turn, may exhibit the licensed programming to their patrons.[7] As relates to the present matter, J & J owned the exclusive rights to distribute to commercial customers the closed-circuit broadcast of a February 16, 2008, boxing match, together with related programming.[8]

Nicole L. Shury, an undercover investigator employed by J & J, visited the Blue Moose Eatery during the evening of February 16, 2008, and, by affidavit, states that she witnessed televisions in that establishment showing the previously-identified licensed closed-circuit broadcast to patrons.[9]

Although the motion asserts that Potopsky and Blue were "without authorization" to exhibit the February 16, 2008, closed-circuit broadcast,[10] the Rule 56 evidence provides no evidence as to that point. Rather, the affidavit of Joesph Gagliardi, referenced above, states that a different investigator (Joshua A. Schlosser) saw a broadcast of the February 16, 2008,

---

[6] ECF # 31, Ex. B (affidavit of Joseph M, Gagliardi) at ¶¶ 3, 6-8.

[7] *Id.*

[8] *Id. See also*, ECF # 34 (attachment).

[9] ECF # 31, Ex. A (affidavit of Nicole L. Shury).

[10] ECF # 31 at ¶ 12.

programming at a different establishment (the "U.A. Pub").[11] It is the "U.A. Pub," not the defendants, which the evidence here demonstrates did not have a license from J & J to exhibit the February 16, 2008, programming.[12] Moreover, there is no assertion that the U.A. Pub is the same entity as these defendants.

## Analysis

**A.     Standard of review – summary judgment**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[14]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[15] Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[11] ECF # 31, Ex. B (Gagliardi affidavit) at ¶ 7.

[12] *Id.*

[13] Fed. R. Civ. P. 56(c).

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[15] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[16] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[17]

Summary judgment may be granted if a party who bears the burden of proof at trial establishes each essential element of his case.[18] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[19] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[20]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[21] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[22] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[23]

---

[16] *Id.* at 252.

[17] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[18] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[19] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[20] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[21] *Id.* at 256.

[22] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[23] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[24]

**B.     Application of standard – J & J's motion must be denied.**

As provided in the authority cited above, it is axiomatic that summary judgment may not issue unless the moving party has established all material facts necessary for judgment in its favor.  Moreover, a fact is not established merely by its assertion in the moving papers, nor because the non-moving party has not offered contrary facts.

In this case, one of the facts necessary for J & J to obtain judgment in its favor as a matter of law is that the defendants did not possess the right to exhibit the broadcast at issue here.[25]  But, as noted, that fact was not addressed or established by any of the Rule 56 evidence.

Consequently, J & J's motion for summary judgment must be denied, without prejudice to it being later reasserted.

---

[24] *Anderson*, 477 U.S. at 250.

[25] *See,* 47 U.S.C. § § 553, 605.

## Conclusion

For the reasons stated above, J & J's motion for summary judgment is denied, without prejudice.

IT IS SO ORDERED.

Dated:   May 8, 2012                                                    s/ William H. Baughman, Jr.
                                                                                            United States Magistrate Judge